## LACIAR v. JACKSON MOTOR CO.   (No. 5759.)

(Supreme Court, Appellate Division, First Department.   May 15, 1914.)

PRINCIPAL AND AGENT (§ 63*)—CONTRACT OF EMPLOYMENT—CONSTRUCTION.

    A sales manager, employed to sell automobiles within described territory on condition that, on his failure to contract for and sell a specified number of cars on or before a designated date, the employment could be canceled at the option of the employer, did not comply with the contract of employment, where he merely procured from a dealer a contract to purchase cars, with the condition that, if he failed to sell them, the de-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

posit money required would be refunded or applied to next season's line, and reserving the right of the seller employer to cancel the contract of sale on return of the deposit money, and the employer could exercise the option to discharge the manager, since the contract of sale procured by him incurred no obligation, either on the employer or on the dealer.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 105–112; Dec. Dig. § 63.*]

Appeal from Trial Term, New York County.

Action by Robert J. Laciar against the Jackson Motor Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and complaint dismissed.

See, also, 138 N. Y. Supp. 1125.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

J. Hampden Dougherty, of New York City, for appellant.
James A. Gray, of New York City, for respondent.

SCOTT, J. The action is by an employé against his employer for damages for a wrongful discharge. The defendant was engaged in the business of selling motor cars. On July 1, 1912, it employed plaintiff to act as general sales manager at a fixed salary and a commission on each car sold and delivered within a certain territory. The agreement contained this clause:

"It is also understood that in the event of your failure to *contract for and sell* 25 cars on or before October 1, 1912, while in our employ, this agreement can be canceled at the option of the Jackson Motor Company."

Defendant discharged plaintiff on October 2, 1912, and now justify their act upon the ground that he had failed to sell the stipulated number of cars on or before October 1st.

The plaintiff, asserting that he had sold many more than the stipulated number of cars, put in evidence as proof thereof ten documents, called "dealer's contracts," which provided for the potential sale and delivery of about 190 cars, and upon the construction to be given to these contracts depends the question whether this judgment should be affirmed or not. It is quite apparent that the construction of the so-called contracts was a question to be determined by the court as matter of law, and this was the view finally taken by the trial justice, although he had received, subject to the objection and exception of the defendant, the evidence of lay witnesses as to their understanding of the nature of the contracts. The learned justice also denied a motion to strike out this evidence, but when he came to charge announced that he had determined to strike all this testimony out of the case, and warned the jury to disregard it, saying that as to the construction of the so-called sales contracts the jury were to follow only such instructions as might be given them by the court. The record does not show that any such instruction was given.

Some question is made as to whether or not plaintiff was instrumental in making all the contracts which he relies upon. In the view we take of the case this is immaterial. The contracts were identical in

form, only one being printed in full in the case on appeal. That was a contract between defendant and one H. P. Conover, of the city of Holmdell, in the state of New Jersey. By that contract defendant granted to Conover the exclusive right to sell Jackson automobiles during the continuance of the agreement within a certain designated territory. The second paragraph of the agreement reads as follows:

"Distributor [defendant] agrees to sell and dealer [Conover] agrees to buy Jackson automobiles on the terms stated hereafter. [Quantities and models specified.] Deliveries to be made before July 31, 1913, as near as possible as specified below, or as advised later. 1—1913 Olympic model in the month of September, 1912."

Standing by itself, this clause might be construed as a firm contract for the sale and purchase of a specified number of cars, with deliveries as required down to July 31, 1913. Subsequent clauses, however, render its fulfillment entirely optional on both sides. Conover agreed to deposit with defendant $200, from which was to be deducted $20 upon each car when shipped. It is then provided that:

"(11) If dealer fails to sell full specified number of automobiles, balance of deposit money will be applied to charges due distributor, refunded to dealer, or applied to next season's line."

And by the fifteenth clause the distributor (defendant) reserves the right to cancel the agreement at any time, returning the deposit money. Thus there remained no obligation upon either party to carry out the agreement, and no liability for damages or otherwise in case of the failure or refusal of either to carry it out. It is impossible to say that such a contract constituted a sale of the number of cars referred to therein, except, possibly, the one car which was agreed to be delivered in the month of September.

Treating each agreement as a sale of the one car specified therein to be delivered, and assuming that plaintiff is entitled to credit for having negotiated each of the ten similar agreements read in evidence, he had not succeeded in contracting for and selling 25 cars on or before October 1, 1912. The defendants were therefore justified in discharging him, and the motion for the direction of a verdict in defendant's favor at the close of the case should have been granted.

The judgment appealed from must be reversed, and the complaint dismissed, with costs to the appellant in all courts. All concur.

---

(162 App. Div. 285)

KORTVELLYESSY v. MANHATTAN COOPERAGE CO. et al.

(Supreme Court, Appellate Division, Second Department. May 8, 1914.)

1. VENUE (§ 22*)—RESIDENCE IN COUNTY—CODEFENDANTS.

---